CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 04, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Jonathan McKnight )<br>)<br>and )<br>)<br>Samantha McKnight )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Frederick County Department of Social )<br>Services *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 5:24-cv-00088 |

## MEMORANDUM OPINION

This matter is before the court on *pro se* Plaintiffs Jonathan and Samantha McKnight's "Request for Temporary Restraining Order." (Dkt. 4 [hereinafter "TRO Motion"].) For the reasons that follow, Plaintiffs' TRO Motion will be denied.

### I. Background

On October 28, 2024, Plaintiffs, proceeding *pro se*, filed a complaint requesting injunctive relief against more than a dozen defendants.[1] (*See* Compl., Dkt. 1.) The complaint alleges several constitutional violations which stem from a series of escalating interactions with

---

[1] This is not the first time that Plaintiffs have filed in this court concerning interactions with Frederick County Child Protective Services. In early October, Plaintiffs filed a two-page emergency temporary restraining order against many of same defendants. (Pl.'s Mot. for TRO Without Notice and Req. for Emergency Hr.'g, *McKnight et al v. Frederick County Department of Social Services et al*, No 5:24-cv-00080 (W.D. Va. Oct. 4, 2024), Dkt. 1.) The court denied the motion and dismissed the case without prejudice for failing to state a claim. (Order, *McKnight et al v. Frederick County Department of Social Services et al.*, No 5:24-cv-00080 (W.D. Va. Oct. 11, 2024), Dkt. 5.)

Frederick County's Child Protective Services. (*See id.* at 6–12.) Plaintiffs also filed a motion for leave to proceed *in forma pauperis*, which the court granted. (Dkts. 2, 3.)

On November 19, 2024, Plaintiffs filed the TRO Motion, requesting relief against Frederick County's Child Protective Services and Department of Social Services, the Frederick County Sheriff's Office, the Juvenile and Domestic Relations District Court of Frederick County, and the Frederick County Circuit Court. (*See* TRO Motion at 5.)

The motion details that on November 1, 2024, Plaintiffs received a "Level 1 abuse and neglect" notice from Frederick County's Department of Social Services and Child Protective Services. (*Id.* at 1.) While Plaintiffs' appeal of that notice was ongoing, a Grand Jury in Frederick County indicted Plaintiffs for felony child abuse on November 7, 2024. (*Id.* at 10, Dkt. 6 at 7.) Plaintiffs were taken into custody by the Officers with the Frederick County Sheriff's Department the same day.

As relief, Plaintiffs request that the court enter an order immediate releasing them from "NRADC Jail" and returning all three of Plaintiffs' children to their custody. (TRO Mot. at 5.) Plaintiffs also request that the court provide parents additional time to complete the summons needed to serve the defendants and "grant any additional relief [the] court deems fit." (*Id.*) Plaintiffs request that the court issue this relief "in accordance with the Federal Rules of Civil Procedure without notice." (*Id.*)

## II. Legal Standard

Under Federal Rule of Civil Procedure 65(b), the court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P 65(b)(1) (emphasis added).

A temporary restraining order entered without notice under Rule 65 is an extraordinary remedy. That is because, in part, "our entire jurisprudence runs counter to the notion of court action take before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). "To ensure that the rights of all concerned are protected, Rule 65(b) prescribes certain safeguards for the issuance of temporary restraining orders that must be scrupulously honored." Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2952 (3d ed.). "Any temporary restraining order granted without notice must comply with the provisions of Rule 65(b) in order to assure the restrained party some measure of protection in lieu of receiving formal notice and the opportunity to participate in a hearing." *Id.* § 2951.

### III. Analysis

Under Federal Rule of Civil Procedure 65(b)(1)(B), the court may *only* issue a temporary restraining order without notice to an adverse party if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiffs' TRO Motion makes no mention of any efforts to give notice to the TRO Defendants and does not provide any reasons why notice should not be required.

Because of the procedural deficiency, the court is unable to issue any temporary restraining order. *See Hynes Indus., Inc. v. Schletter Inc.*, No. 118CV00031MOCDLH, 2018 WL

3277552, at *1 (W.D.N.C. Feb. 13, 2018) (denying a TRO motion after concluding that Rule 65(b)(1)(B) was not satisfied).  The procedural requirements of Rule 65(b)(1) "are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process."  *Tchienkou v. Net Tr. Mortg.*, No. CIV.A 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).  Accordingly, the court will deny Plaintiffs' TRO Motion.

## IV. Conclusion

For the foregoing reasons, the court denies the TRO Motion (Dkt. 4).  An appropriate Order will follow.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiffs.

**ENTERED** this 4th day of December, 2024.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE