CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 27, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Jonathan McKnight )<br>)<br>and )<br>)<br>Samantha McKnight )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Frederick County Department of Social )<br>Services *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 5:24-cv-00088 |

## **MEMORANDUM OPINION**

This matter is before the court on *pro se* Plaintiffs Jonathan and Samantha McKnight's "Notice of Motion for Reconsideration of Order and Temporary Restraining Order." (Dkt. 9 [hereinafter "Reconsideration Mot."].) For the reasons that follow, Plaintiffs' motion for reconsideration will be denied.

### I.   Background

On October 28, 2024, Plaintiffs, proceeding *pro se*, filed a complaint requesting injunctive relief against more than a dozen defendants. (*See* Compl., Dkt. 1.) The complaint alleges several constitutional violations which stem from a series of escalating interactions with Frederick County's Child Protective Services ("CPS"). (*See id.* at 6–12.) Plaintiffs also filed a motion for leave to proceed *in forma pauperis*, which the court granted. (Dkts. 2, 3.)

On November 19, 2024, Plaintiffs filed a motion for a temporary restraining order, requesting injunctive relief against five Defendants: (1) CPS, (2) Frederick County's Department of Social Services, (3) the Frederick County Sheriff's Office, (4) the Juvenile and Domestic Relations District Court of Frederick County, and (5) the Frederick County Circuit Court (the "TRO Defendants"). (*See* Dkt. 4 at 5 [hereinafter "TRO Mot."].) On December 4, 2023, the court denied Plaintiffs' TRO Motion. (Dkt. 8.) The court denied the motion because Plaintiffs failed to satisfy the procedural requirements of Federal Rule of Civil Procedure Rule 65(b)(1). (*See* Dkt. 7.) Plaintiffs' TRO Motion made no mention of any efforts to give notice to the TRO Defendants and did not provide any reasons why notice should not be required.

On December 9, 2024, Plaintiffs filed the motion to reconsider. (*See* Reconsideration Mot.) The motion requests the court "[r]econsider its December 4, Order denying Plaintiffs' TRO Motion," "[i]ssue a Temporary Restraining Order with or without notice to Defendants to prevent further irreparable harm and malicious prosecution," and "[i]ssue a writ of review pursuant to All-Writs Act, 28 U.S.C. 1651(a) by right to review the record for violation of due process and constitutional guarantees." (*Id.* at 6.) The motion attempts to cure the procedural deficiencies of the TRO Motion by including two sentences concerning notice. First, "[o]n October 31, 2024, Plaintiffs filed an Appeal and Discovery Request . . . explicitly notifying the Commonwealth Attorney's Office and JDR Court of their intent to seek a TRO." (*Id.*) And second, "[o]n November 7, 2024, Plaintiffs provided further notice through emails to CPS officials and related filings." (*Id.*)

On December 16, 2024, Plaintiffs filed an amended complaint, (Dkt. 12), asserting similar constitutional violations in connection with their escalating interactions with Frederick County's Child Protective Services and other state actors. Plaintiffs allege that, back in October 2024, a Virginia state court entered a "dispositional order" concerning removal of their daughter, following a hearing. (*Id.* at 12.) The operative complaint alleges seven causes of action against a variety of defendants, all involving the removal of Plaintiffs' daughter following abuse allegations and the subsequent investigations into Plaintiffs.

## II.  Standard of Review

After a district court issues an interlocutory order "that adjudicates fewer than all of the claims," the court retains discretion to revise such order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Generally, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) "a subsequent trial produc[ing] substantially different evidence"; (2) a change in applicable law; or (3) clear error causing "manifest injustice." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (quoting *Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

### III.    Analysis

In their Motion for Reconsideration, Plaintiffs request that the court reconsider its denial of Plaintiffs' request for an *ex parte* temporary restraining order against the five TRO Defendants. However, two issues prevent the court for issuing the requested relief to Plaintiffs. First, the procedural deficiencies regarding notice have not been cured with respect to all of the TRO Defendants. Second, the court is unable to provide the relief Plaintiffs seek with respect to the remaining TRO Defendants.

**A. Plaintiffs Have Not Cured Procedural Deficiencies with Respect to All Defendants**

In their original TRO Motion, Plaintiffs moved the court to issue an *ex parte* temporary restraining order against the five TRO Defendants: (1) CPS, (2) Frederick County's Department of Social Services, (3) the Frederick County Sheriff's Office, (4) the Frederick County Circuit Court, and (5) the Frederick County Juvenile and Domestic Relations District Court. (*See* TRO Mot. at 5.) In denying that motion, the court previously noted that Plaintiffs' TRO Motion "ma[de] no mention of any efforts to give notice to the TRO Defendants" nor did it "provide any reasons why notice should not be required." (Dkt. 7 at 3.)

In their motion for reconsideration, Plaintiffs now include two sentences "certify[ing] that they have made reasonable efforts to notify Defendants of [their prior TRO] Motion." (Reconsideration Mot. at 6.) However, their efforts to notify include only two of the five TRO Defendants. They assert that they "filed an Appeal and Discovery Request" which "explicitly notif[ied] the . . . JDR Court of their intent to seek a TRO" and they "provided further notice through emails to CPS officials." (*Id.*) The motion makes no mention of the other TRO

Defendants, nor any mention of the "efforts made to give notice and the reasons why it should not be required" for the remaining three. Fed. R. Civ. P. 65(b)(1)(B).

To the extent the instant reconsideration motion seeks the court to reconsider its previous denial TRO Motion with respect to Frederick County's Department of Social Services, the Frederick County Sheriff's Office, and the Frederick County Circuit Court, it cannot. Plaintiffs have still not documented efforts to give notice to those Defendants or why notice should not be required as to those Defendants. (*Id.*) The court reiterates that the procedural requirements of Rule 65(b)(1) "are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Tchienkou v. Net Tr. Mortg.*, No. CIV.A 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010). Therefore, the court denies the motion for reconsideration with respect to relief requested against Frederick County's Department of Social Services, the Frederick County Sheriff's Office, and the Frederick County Circuit Court.

### B. The Court Cannot Grant the Requested Relief Concerning the Remaining TRO Defendants

Plaintiffs' motion for reconsideration asks that the court "[r]econsider its December 4, 2024 Order denying Plaintiffs' TRO Motion," presumably asking the court to grant the motion. (Reconsideration Mot. at 6.) In that TRO Motion, Plaintiffs asked for three specific forms of relief. (*See* TRO Mot. at 5.) Plaintiffs request the court (1) "order the immediate release of both parents from NRADC Jail," (2) "order the immediate return of all 3 children to the parents [sic] custody," and (3) "grant parents additional time to complete summons upon defendants." (TRO Mot. at 5 (cleaned up).) It is clear, however, that the court cannot

grant any of the requested relief because Plaintiffs have failed to show they are entitled to a TRO. Nothing in Plaintiffs' motion for reconsideration alters this conclusion.[1]

### a. The court cannot order the immediate release of the Plaintiffs from NRADC Jail.

Plaintiffs' TRO Motion previously asked the court to "order the immediate release of both parents from NRADC Jail." (TRO Mot. at 5.) Plaintiffs now seek reconsideration of the court's order denying that motion and relief. (*See* Reconsideration Mot. at 6.) But the court cannot order relief in the form of release from NRADC jail for at least three reasons. First, abstention doctrines generally prevent federal courts from interfering with ongoing state proceedings like those in which Plaintiffs are involved. Plaintiffs represent to the court that they were taken into custody by Officers of the Frederick County Sheriff's Office following their indictment for felony child abuse on November 7, 2024. (*See* TRO Mot. at 10; Dkt. 6 at 7.) Because "the efficient operation of its criminal justice system" is an important state interest, *Cooper v. Oklahoma*, 517 U.S. 348, 367 (1996), the court must consider whether abstention is warranted.

A federal district court should abstain from interfering in state proceedings if there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests, and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim

---

[1] To the extent that Plaintiffs' motion for reconsideration could be construed as a freestanding motion for *ex parte* injunctive relief, separate from the previously filed TRO Motion, it fails for the same reason. Plaintiffs' motion includes a request that the court "[i]ssue a Temporary Restraining Order with or without notice to Defendants." (Reconsideration Mot. at 3.) But the motion does not specify which defendants the order should be entered against. Nor does it mention what relief should be entered. As a result, the same procedural deficiencies regarding notice prevent the court from issuing injunctive relief based on a freestanding claim found in this motion.

advanced in the federal lawsuit." *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Abstention is justified here. Each of the three circumstances is present in this case. Both Plaintiffs are currently facing criminal proceedings in Frederick County, which were initiated before the operative complaint and instant motion. The Commonwealth of Virginia has an important and substantial interest in investigating and prosecuting violations of its criminal laws. And though Plaintiffs levy allegations against the JDR Court, there is no real suggestion that the state criminal court—the Frederick County Circuit Court—will deny Plaintiffs an opportunity to raise their objections or complaints. Finally, the court sees no "extraordinary circumstances" justifying its intervention of an ongoing state judicial proceeding. *Nivens,* 319 F.3d at 154. As a result, the court finds abstention is appropriate.

Second, Plaintiffs may not request release from state prison without complying with the requirements of habeas corpus, which they have not done. Habeas proceedings are the exclusive remedy for state prisoners such as Plaintiffs, who challenge the fact or duration of his confinement and seek immediate release. *Young v. Nickols,* 413 F.3d 416, 418 (4th Cir. 2005); *see Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986) ("If a state prisoner, in his complaint, is attacking the validity of his confinement and seeking release, habeas corpus is the exclusive remedy."). Plaintiffs have not established that they have satisfied *any* of the exhaustion requirements for habeas relief. *See* 28 U.S.C. § 2254(b). And without exhaustion, there is no right to relief. *See Mesmer v. Rezza*, No. CIV.A. DKC 10-1053, 2011 WL 2175223, at *2 (D. Md. June 2, 2011).

Third and finally, it appears from Plaintiffs' amended complaint that they are no longer incarcerated at NRADC Jail, and that they are now out on bail awaiting further criminal proceedings. (*See* Dkt. 12 ¶ 28.) Therefore, Plaintiffs' requested injunctive relief is moot and cannot be granted. *See Lewin v. Com. of Virginia*, No. CIV. A. 700CV00674, 2001 WL 856706, at *1 (W.D. Va. June 19, 2001) ("Generally, claims for injunctive relief become moot when the conditions adversely affecting the plaintiff no longer exist.").

### b. The court lacks subject-matter jurisdiction to order the return of the three children to Plaintiffs.

Plaintiffs' TRO Motion previously asked the court to "order the immediate return of all 3 children to the parents [sic] custody." (TRO Mot. at 5.) Plaintiffs now seek reconsideration of the court's order denying that motion and relief. (*See* Reconsideration Mot. at 6.) But the court lacks jurisdiction to order the return of Plaintiffs' three children. The crux of Plaintiffs' relief appears to ask this court to overturn a Virginia state court's removal order. That type of review over a state court judgment violates the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Adkins v. Rumsfeld,* 464 F.3d 456, 464 (4th Cir. 2006) (observing that a federal district court cannot "reverse or modify" a state court judgment). The *Rooker-Feldman* doctrine prevents a civil action from proceeding in federal district court when (1) the case is brought by a plaintiff who lost in a state-court proceeding; (2) the plaintiff is complaining of injuries that were caused by the judgment made by the state court in that proceeding; (3) the state court rendered its judgment before the plaintiff filed his complaint in the federal district court; and (4) the plaintiff's complaint invites the federal district court to review and reject the state-court's judgments. *Exxon Mobil Corp.*, 544 U.S. at 284.

Each of the four *Rooker-Feldman* factors apply to Plaintiffs' requested relief in their TRO Motion. First, Plaintiffs lost in state court, as they allege that JDR Court proceedings led to the unfavorable result—the removal order. (*See* Dkt. 12 at 9–10, 12.) Second, Plaintiffs complain that their injuries were caused by the unfavorable state court judgment. Third, according to the amended complaint, the state court proceedings occurred prior to the initiation of this action and filing of the instant motion. Lastly, the requested relief asks this court to overturn the state court's removal order, or at the very least, render the state court's removal order ineffectual. *See T.M. v. Univ. of Md. Med. Sys. Corp.*, 23-cv-01684, 2024 WL 3555124, at *6 (D. Md. July 23, 2024) (finding plaintiff's efforts to enjoin enforcement of state court order "unconstitutional, unenforceable, and void *ab initio*" because they improperly invited the district court's review and rejection of state-court judgment under *Rooker-Feldman*). Accordingly, the court lacks subject-matter jurisdiction over this claim for relief because the *Rooker-Feldman* doctrine precludes Plaintiffs from asking this court to overturn a state court decision.

### c. Plaintiffs' request for additional time to serve defendants is moot.

Plaintiffs' TRO Motion previously asked the court to grant "additional time to complete [the] summons upon defendants." (TRO Mot. at 5.) Plaintiffs now seek reconsideration of the court's order denying that motion and relief. (*See* Reconsideration Mot. at 6.) But two days after filing the TRO Motion, Plaintiffs filed copies of returns of service for the defendants showing that Plaintiffs have completed the summonses necessary to serve the sixteen defendants they wished to include. (*See* Dkt. 5-1 at 1–16 (noting that there are

- 9 -

sixteen "parties to be served in this case" and provided sixteen process receipts and returns).) Thus, any request for additional time at this point is moot.

## IV. Conclusion

For the foregoing reasons, the court denies Plaintiffs' motion for reconsideration (Dkt. 9.) An appropriate Order will follow.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiffs.

**ENTERED** this 27th day of December, 2024.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE