CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
March 04, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Jonathan McKnight       )<br>                         )<br>      and                )<br>                         )<br>Samantha McKnight        )<br>                         )<br>          Plaintiffs,   )<br>                         )<br>v.                       )<br>                         )<br>Frederick County Department of Social )<br>Services *et al.*,       )<br>                         )<br>          Defendants.    ) | Civil Action No. 5:24-cv-00088 |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on *pro se* Plaintiffs Jonathan and Samantha McKnight's motion to voluntarily dismiss without prejudice (Dkt. 37 [hereinafter "Mot."].) For the reasons that follow, Plaintiffs' motion to voluntarily dismiss will be granted. Accordingly, the various motions to dismiss will be denied as moot, and the case will be dismissed without prejudice.

### I.    Background

On October 28, 2024, Plaintiffs, proceeding *pro se*, filed a complaint requesting injunctive relief against more than a dozen defendants. (*See* Compl. (Dkt. 1).) The complaint alleges several constitutional violations, which stem from a series of escalating interactions with Frederick County's Child Protective Services. (*See id.* at 6–12.) Plaintiffs also filed a motion for leave to proceed *in forma pauperis*, which the court granted. (Dkts. 2, 3.) On

November 19, 2024, Plaintiffs filed a motion for a temporary restraining order, which the court denied on December 4, 2024. (Dkts. 4, 7.) On December 9, 2024, Plaintiffs filed a motion to reconsider, which the court denied on December 27, 2024. (Dkts. 9, 19.) On December 16, 2024, Plaintiffs filed an amended complaint. (Dkt. 12.) Four subsets of Defendants then filed separate motions to dismiss on December 23, December 31, January 2, and January 10. (*See* Dkts. 17, 22, 26, 32.) On February 4, 2025, Plaintiffs filed the motion to voluntarily dismiss without prejudice. (*See* Mot.) While only two subsets of Defendants responded to the motion, neither opposes Plaintiffs' motion for voluntary dismissal. (Dkts. 39, 40.)

## II.    Discussion

Federal Rule of Civil Procedure 41(a)(2) provides that once the opposing party has filed an answer or summary judgment motion, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The court should not deny a plaintiff's motion for voluntary dismissal without prejudice "absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Factors the court should consider regarding the question of prejudice are: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.*, whether a motion for summary judgment is pending." *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998) (unpublished table decision). Prejudice does not arise from the prospect of a second lawsuit or the possibility that a plaintiff will gain

a tactical advantage over the defendant in future litigation. *Davis v. USX Corp.,* 819 F.2d 1270, 1274–75 (4th Cir. 1987).

Here, dismissal is not prejudicial to Defendants because they do not oppose Plaintiffs' motion for voluntary dismissal. (Dkt. 39 at 1; Dkt. 40 at 1.) Additionally, Defendants have not expended tremendous effort or excessive expense at this early stage in litigation. Plaintiffs filed their motion to voluntarily dismiss on February 4, 2025 (Mot.), less than two months after a subset of Defendants filed their motions to dismiss on December 23, December 31, January 2, and January 10. (*See* Dkts. 17, 22, 26, 32.) Thus, Plaintiffs have not excessively delayed or exhibited a lack of diligence in moving for voluntary dismissal. Plaintiffs have also articulated a sufficient reason for voluntary dismissal in that "ongoing legal matters [] require [their] immediate attention" and "the complexities of concurrent state proceedings necessitate a strategic withdrawal" from this case. (Mot. at 1; Mem. in Support of Voluntary Dismissal at 2 (Dkt. 38).)

### III.   Conclusion

For the foregoing reasons, the court **GRANTS** Plaintiffs' motion to voluntarily dismiss (Dkt. 37). Accordingly, Defendants' various motions to dismiss (Dkts. 17, 22, 26, 32) are **DENIED** as moot and the case is **DISMISSED** without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and Order to the parties involved.

**IT IS SO ORDERED.**

**ENTERED** this 4th day of March, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE